*Brewer, J.
Two questions are in this case. The action in the district court was one of replevin. The property had been delivered to the plaintiff. The verdict was for the defendants. The judgment entered was that the defendants recover their costs. At the same term, on motion of defendants, the judgment was modified so as to include a return of the property. Upon the verdict the defendants were entitled .to such a judgment. Kayser v. Bauer, 5 Kan. *211. A failure of the jury to find the value did not invalidate the verdict, or prevent a judgment for the return. Marix v. Franke, 9 Kan. *132. The court had the power upon motion to modify the judgment. Code, §§ 568, 569. The grounds for the modification are not disclosed in the motion nor the record, and we must therefore presume them sufficient. How the error in the judgment happened we are not informed, and must therefore presume it was from a mistake or omission of the clerk, which the court had power to correct by motion. Both parties appeared, and were heard by counsel on the motion. No advantage was therefore taken, and no ■error is apparent in the ruling.
The other question arises on the overruling of a motion for a new trial. The motion was on the ground that the verdict was against the evidence, and contrary to law. The whole testimony is before us. From this it appears that defendants had possession of the property at the commencement of the suit; that in or after August, 1872, they obtained it for value, from one John Wester, without notice of any prior claim. As against this, which was prima facie evi *134 deuce of title, the plaintiff offered a contract signed by plaintiff and John Wester, and dated November 4, 1871, which purported to-be a lease by plaintiff to Wester, with the privilege of purchase, but reserving the title and the right to resume possession. Other than this instrument, there was no testimony tending to show that *plaintiff ever had any possession or ownership of the property, or that Wester ever had possession before the middle of August, 1872, — nothing to show that Wester got possession from plaintiff, or had ever paid him or anybody else anything. This agreement was the sole evidence of possession or title in the plaintiff. We do not think the court erred in overruling the motion for a new trial. It is unnecessary to determine the character and effect of such an instrument, or what would be the rights of the parties to it, because, as against these defendants, it furnishes no proof that plaintiff ever held possession or title, or transferred either to Wester. It was admissible only as a declaration by the vendor of defendants, qualifying his title.. Such a declaration, to become evidence, must have been made by that vendor while' holding possession. A declaration before he received, as well as one after he parted with, his interest, is inadmissible. The defendants’ rights connot be affected by any declaration of Wester made long prior to his recognized possession or title to the property. Pocock v. Billing, 2 Bing. 269; 1 Phil. Ev. 314; Plant v. McEwen, 4 Conn. 544; Burton v. Scott, 3 Rand. 399; 2 Smith, Lead. Cas. 391. Such a declaration if made while the grantor or vendor is in possession, is not necessarily conclusive. It does not cut off investigation, or prevent a verdict. It is rejected altogether in regard to personal property in New York, and everywhere as respects negotiable paper.
The judgment of the district court wül be affirmed.
(All the justices concurring.)